ON THE MERITS
Plaintiffs’ attorney’s fees were taxed as costs of court pursuant to LSA-C.C.P. art. 4613, which provides:
“When there is no contest of the partition proceeding by any defendant, the court shall allow the attorney for the plaintiff a reasonable fee for his services. Except as provided in the second paragraph of this article, the fee shall be taxed as costs of court and paid out of the mass of the funds or the property partitioned, or the proceeds of the latter if sold.
“No portion of the fee may be paid out of the share of any party represented in the proceeding by an attorney, whether appointed by the court or selected by the party.”
Counsel for appellant argues that the phrase “no contest of the partition proceeding by any defendant” should be interpreted in a multi-defendant situation, such as the instant case, to prevent the assessing and taxing of plaintiffs’ attorney’s fees if any one, but less than all, of the defendants contests the partition.
Such an interpretation would render the second paragraph of the Article nugatory. The better view of the Article commands that plaintiffs’ attorney’s fees may be taxed against any of the numerous defendants who do not contest the proceeding. Appellant, Pierre Vegas, falls into this category and was properly taxed with a portion of the attorney’s fees under Article 4613.
For the above reasons, the appeals of all the defendants, except Pierre Vegas, are dismissed.
Further, the judgment of the trial court is affirmed insofar as it taxed plaintiffs’ attorney’s fees against the share of the *540 proceeds of the partition belonging to Pierre Vegas.
Costs of this appeal are to be paid by appellants.
AFFIRMED.